1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ELLIS,   No. CIV S-04-1483-LKK-CMK

    Plaintiff,

  vs.   ORDER

ALBONICO, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to amend his complaint (Doc. 19) and defendants' opposition thereto (Doc. 20).

    The Federal Rules of Civil Procedure provide that a party may amend his or her pleading ". . . once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3)

whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In his motion, plaintiff seeks leave to amend the complaint in order to add allegations against a new defendant.  Specifically, plaintiff seeks to add a claim against a prison official who allegedly falsified information in plaintiff's disciplinary proceeding.  As defendants correctly note in their opposition, such a claim is not cognizable under 42 U.S.C. § 1983 because a judgment in plaintiff's favor would necessarily imply the invalidity of the underlying disciplinary process.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994); Edwards v. Balisok, 520 U.S. 641, 646 (1997).  For this reason, plaintiff's proposed amendment would be frivolous.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint is denied; and

2. This action shall proceed on the original complaint, filed on July 28, 2004.

DATED:  October 12, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE