1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BENJAMIN ELLIS,                          No. CIV S-04-1483-LKK-CMK-P

12              Plaintiff,

13        vs.                                 <u>ORDER</u>

14   ALBONICO, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel further discovery

19   responses (Doc. 35).  Pursuant to the court's February 23, 2006, order, defendants have filed a

20   response (Doc. 39).  Plaintiff filed a reply (Doc. 41).

21              Plaintiff seeks further responses to the following request for production of

22   documents:

23              Any and all grievances, complaints, or other documents received by the
               defendants or their agents at High Desert State Prison concerning
24              mistreatment of inmates by defendants Albonico, Bates, Weaver, and Coe,
               and any memoranda, investigative files or documents created in response
25              to such documents, since January 1, 1995.

26   / / /

1  Defendants responded to this request as follows:

2          Defendants object to this request on the grounds that it is overbroad, it
           hearsay, is not relevant and is not reasonably calculated to lead to
3          admissible evidence.  Further, the request is objectionable on the grounds
           that it is burdensome in that incident reports and investigative reports are
4          referenced by inmate names, not name of employee; therefore correctional
           staff would have to search all records by hand, overtaxing staff resources
5          with an unreasonable expenditure of time and energy.

6          Generally, discovery may be obtained "...regarding any matter, not privileged,

7  which is relevant to the subject matter involved in the pending action..."  Fed. R. Civ. P.

8  26(b)(1).  Relevancy in the discovery context has been construed broadly to encompass any

9  matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is

10 in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v.

11 Taylor, 329 U.S. 495, 501 (1947)).  Therefore, a discovery request directed at discovering a

12 matter which is not reasonably calculated to lead to the discovery of admissible evidence is not

13 within the scope of Fed. R. Civ. P. 26(b)(1).  Id.  Consistent with this rule, discovery is not

14 limited to issues raised by the pleadings, for discovery itself is designed to help define and

15 clarify the issues.  Id. at 351.  Nor is discovery limited to the merits of a case, for a variety of

16 fact-oriented issues may arise during litigation that are not related to the merits.  Id.

17         Discovery may not be obtained regarding matters which are privileged.  See Fed.

18 R. Civ. P. 26(b)(1).  Thus, if a discovery privilege exists, information may be withheld, even if

19 relevant to the case.  See Baldridge v. Shapiro, 455 U.S. 345 (1982).  The question of privilege is

20 determined by reference to the Federal Rules of Evidence.  See Campbell v. Gerrans, 592 F.2d

21 1054 (9th Cir. 1979).  Generally, questions of privilege "...shall be governed by the principles of

22 the common law as they may be interpreted by the courts of the United States in the light of

23 reason and experience."  Fed. R. Evid. 501.  However, in civil actions which do not raise a

24 federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501.

25 But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the

26 two shall be read together in order to accommodate the legitimate expectations of the state's

2

1  citizens." <u>Pagano v. Oroville Hospital</u>, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

2         Finally, relevant non-privileged discovery may be limited if:  (1) the discovery

3  sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is

4  more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely

5  benefit, taking into account the needs of the case, the amount in controversy, the parties'

6  resources, the importance of the issues at stake in the litigation, and the importance of the

7  proposed discovery in resolving the issues.  <u>See</u> Fed. R. Civ. P. 26(b)(2).

8         Without expressing an opinion as to whether the discovery is relevant or

9  privileged, the court sustains defendants' objection that the discovery request is burdensome.

10  Regarding the request for "any and all grievances, complaints, or other documents received by

11  the defendants or their agents at High Desert State Prison concerning mistreatment of inmates by

12  defendants Albonico, Bates, Weaver, and Coe" since January 1, 1995, this would require

13  defendants to comb through their personnel files for over the past ten years.  Because the request

14  also seeks documents received by defendants agents, it would also require defendants to scour all

15  the personnel files of any unspecified number of other individuals, which is simply not realistic,

16  even setting privacy concerns aside.  Plaintiff has not offered any argument in either his motion

17  or reply to even suggest what issue he requires the discovery to develop.

18         Regarding the request for "any memoranda, investigative files or documents

19  created in response to such documents," again, the court sustains defendants' objection that the

20  request is burdensome.  This would also require defendants to not only go through their own

21  files, but countless other possible sources of the requested documents.  For example, it could be

22  that a court action was filed as a result of grievance lodged against one of the defendants.  If so,

23  documents covered by this request would include everything associated with that case,

24  regardless of whether the case was frivolous or not.  This example alone suffices to demonstrate

25  the burdensome nature of the request.

26         For these reasons, plaintiff's motion to compel will be denied.

3

1    Also pending before the court is defendants' request for an extension of time to

2   file a dispositive motion (Doc. 39).  Pursuant to the court's February 23, 2006, order modifying

3   the remaining schedule for this litigation, dispositive motions are currently due by May 15, 2006,

4   plaintiff's pre-trial statement is due by July 17, 2006, and defendants' pre-trial statement is due

5   by July 31, 2006.  Defendants seek an extension of 45 days from March 14, 2006, to file a

6   dispositive motion.  Because the current May 15, 2006, deadline is within this window, the

7   requested extension will be denied as unnecessary.  The existing schedule remains in effect.

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.    Plaintiff's motion to compel is denied; and

10    2.    Defendants' motion for an extension of time is denied as unnecessary.

11

12   DATED:   April 6, 2006.

13

14                                                  _____

15                                                  **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26