UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ELLIS,

Plaintiff,

v.

ALBONICO, et al

Defendants.

______________________________/

NO. CIV. S-04-1483 LKK/CMK P

O R D E R

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On February 7, 2007 the magistrate judge recommended that defendants' motion for summary judgment be granted. The court reviewed the magistrate judge's findings and recommendations, as well as the plaintiff's objections to the findings and recommendations. As discussed below, the court declines to adopt the magistrate judge's recommendation to grant

summary judgment.[1]

Upon reviewing the record, there are several areas of disputed facts which preclude summary judgment.[2] As discussed in the findings and recommendations, this case concerns a claim of excessive force. Plaintiff, who is wheelchair bound, claims that defendants used unnecessary force to restrain him. In plaintiff's verified opposition to defendants' motion for summary judgment, plaintiff sets forth several facts which defendants dispute. Plaintiff avers that defendant Albonico,

> without cause or warning vigorously grasped plaintiff's left wrist . . . plaintiff was subsequently struck in the left eye by Albonico['s] right fist and pushed in face by Albonico's left hand. Albonico then positioned himself at the left rear of paralytic plaintiff's wheelchair (plaintiff's blind side), and . . . jabbed plaintiff in his mouth with sharp fingernails on index and middle fingers, while simultaneously applying a choke-hold on plaintiff's throat and thereby flipped plaintiff backwards in his wheelchair striking the concrete surface.

---

[1] Also pending before the magistrate judge was defendants' motion to dismiss. Because the motion for summary judgment was dispositive of the case, the magistrate judge did not address the motion to dismiss.

[2] The court adopts by reference the section in the findings and recommendations which pertains to the standard for evaluating motions for summary judgement. <u>See</u> Findings and Recommendations at 3.

Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 5. Plaintiff goes on to aver that after being "flipped" out of his wheelchair, defendant Bates charged at him, "throwing his (Bates) entire body weight in and onto plaintiff's abdominal and chest area thereby trouncing plaintiff." Id. At that point, "plaintiff laid in a mangled and twisted state (with right arm pinned underneath abdomen), Weaver intervened and plunged his right knee into plaintiff's back while twisting plaintiff's left arm and wrist behind him." Id. Plaintiff claims that Defendants Coe and Weaver then "lifted plaintiff by his right and left arms (which were cuffed at the wrist) . . . and dragged . . . plaintiff by his lower extremities over 55 feet of concrete surface." Id. at 6.[3]

Defendants present an alternative account of what happened. According to defendants, plaintiff instigated the incident and that the use of force was justified. Defendants assert that plaintiff was ordered to move out of the way by defendant Albonico and plaintiff refused, yelling "Fuck you."[4]

The magistrate judge found that there were no disputed facts because plaintiff's discovery requests conceded that the defendants' version of the facts was correct. See Findings and Recommendations at 5:2-6:14. The magistrate judge concluded that because plaintiff concedes the facts as outlined by defendants,

---

[3] Plaintiff repeats these general facts in his separate statement of disputed facts, which was also submitted under penalty of perjury.

[4] For a more complete description of defendants' version of the facts, see the Findings and Recommendations at 2:2-18.

"the parties do not dispute that plaintiff refused to comply with direct orders given by defendant correctional officers and then became belligerent and physically aggressive." Id. at 6:16-17.

The court cannot agree with this conclusion. The document referred to by the magistrate judge is a "request for admissions" filed by plaintiff. The request for admissions clearly states that it is being propounded on defendant Alboncio. The request for admission cannot be viewed as the plaintiff's own admissions as to what happened. Rather, plaintiff is simply asking defendant Albicono to verify what he, defendant Albicono, said happened. While plaintiff's request for admissions may be somewhat unusual, it is not up to the court to speculate as to why plaintiff was asking for these specific admissions. It is also not proper for the court to view plaintiff's request for admissions as plaintiff's own admissions. In short, there is no indication that plaintiff intended that his request for admissions be regarded as his own admissions.

Moreover, plaintiff's verified opposition to defendants' motion for summary judgment as well as plaintiff's own statement of disputed facts (both filed after plaintiff propounded his discovery requests) do not concede the relevant facts. Instead, these documents reveal that plaintiff disputes defendants' version of the facts.

Viewing the record in light most favorable to the plaintiff and drawing all justifiable inferences in the plaintiff's favor, the court finds that the evidence relied upon by the plaintiff set

forth sufficient facts to establish a genuine issue for trial. Accordingly, the court finds that granting summary judgment to defendants is inappropriate.

The case is remanded to the magistrate judge for further proceedings consistent with this order.[5]

IT IS SO ORDERED.

DATED: March 9, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

[5] The court notes that the magistrate judge did not reach the merits of defendants' motion to dismiss. The motion to dismiss, premised on failure to exhaust administrative remedies, may be dispositive of the case. Given that the court declined to adopt the magistrate judge's findings with respect to the motion for summary judgment, the court requests that the magistrate judge proceed to analyze the motion to dismiss.