IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS, | No. CIV S-04-1483-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ALBONICO, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The court has granted plaintiff's request for issuance of necessary orders and writs to secure the attendance of incarcerated witness Jackson.  In preparing to issue a writ of habeas corpus ad testificandum, court staff contacted the California Department of Corrections and Rehabilitation to confirm inmate Jackson's location.  At that time, court staff was informed that the CDCR number provided by plaintiff was not correct.  Specifically, the number provided by plaintiff in his prior filings – P-77462 – is not inmate Jackson's correct CDCR number.

/ / /

/ / /

1    On December 19, 2007, the court directed plaintiff to provide the correct CDCR number within 30 days. Plaintiff responded on January 18, 2008, indicating that he has been unable to obtain the correct number. Specifically, he states that the number he provided to the court – P-77462 – is the number listed by prison officials as the CDCR number for Jackson. He attaches an investigation report signed by correctional officer Summerhill on May 21, 2003, which lists Jackson's inmate number as P-77462.[1] Thus, it appears that plaintiff's inability to provide the court with the correct number is the result of Summerhill's error and no fault of plaintiff.

Given that plaintiff is unable to provide the court with the correct CDCR number for inmate Jackson, plaintiff requests that he instead be allowed to call inmates Turner, Brown, and Crummie, all of whom are also listed on Summerhill's May 2003 report. Defendants shall file a response to this request within ten days of the date of this order. If defendants' counsel is able to provide the court with inmate Jackson's correct CDCR number, the court will deem the request for attendance of inmates Turner, Brown, and Crummie to be moot. Otherwise, defendants shall show good cause why plaintiff's request should not be granted.

IT IS SO ORDERED.

DATED: January 30, 2008

/s/ Craig M. Kellison
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants provided this same document as evidence in support of their previous motion for summary judgment.

2